**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
LAW PRACTICE MANAGEMENT
CONSULTANTS, LLC, WKNB PRODUCTIONS,
LLC, DANIEL P. BUTTAFUOCO &
ASSOCIATES, PLLC, DANIEL P.              **MEMORANDUM OF**
BUTTAFUOCO, LLC, and DANIEL P.           **DECISION AND ORDER**
BUTTAFUOCO,                              08-CV-4557 (ADS)(WDW)

                    Plaintiffs,

          -against-

M & A COUNSELORS & FIDUCIARIES, LLC,
and WILLIAM C. HOILMAN,

                   Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Law Offices of Daniel P. Buttafuoco & Associates, PLLC**
Attorneys for the Plaintiffs
144 Woodbury Road
Woodbury, NY 11797
    By: Shawn M. Alfano, Esq., Of Counsel

**Wilson, Elser, Moskowitz, Edelman & Dicker LLP**
Attorneys for the Defendants
150 East 42nd Street
New York, NY 10017
    By: Anastasios Tonorezos, Esq., Of Counsel

**SPATT, District Judge**.

This is a legal malpractice case arising out of litigation in the British Virgin Islands. Presently before the Court is a motion by William Hoilman, Esq. ("Hoilman") and his law firm M&A Counselors and Fiduciaries, LLC (collectively "the Defendants") to dismiss the complaint under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(2) and 12(b)(6). For the reasons that follow, the Defendants' motion is granted.

## I. BACKGROUND

**A.     The "Refund Plus" Policies**

The following facts are drawn from the complaint and the documents incorporated by reference. In 2002 and 2003, Law Practice Management Consultants, LLC, WKNB Productions, LLC, Daniel P. Buttafuoco & Associates, PLLC, Daniel P. Buttafuoco, LLC, and Daniel P. Buttafuoco (collectively "the Plaintiffs") purchased "Refund Plus" life insurance policies ("the Policies") issued by Boston Life and Annuity Company, Ltd ("Boston Life"). Under the Policies, Boston Life would invest the premiums paid by the Plaintiffs in various financial products. The Policies provided that if the Plaintiffs did not make a claim within a specified period, Boston Life would refund their premiums plus any gains earned on the investments.

In 2006, Boston Life terminated the Policies and allegedly refused to return the premiums paid by the Plaintiffs. In March of 2006, Boston Life commenced a suit in

the British Virgin Islands ("the BVI Litigation") seeking a declaratory judgment that it properly terminated the Policies and was not required to repay any of the premiums. The Plaintiffs in the present action were among the 63 defendants ("the BVI defendants") that Boston Life named in the BVI Litigation. In April of 2006, the BVI defendants retained Hoilman, a member of M & A Counselors & Fiduciaries, to represent them in the BVI litigation.

**B.    The BVI Litigation**

On November 24, 2006, Boston Life filed a motion for summary judgment in the BVI Litigation. On January 9, 2007, the BVI Defendants counterclaimed seeking a declaratory judgment that Boston Life had breached the Policies. Prior to a hearing on Boston Life's motion for summary judgment, the court directed the BVI defendants to file evidence and arguments in opposition to the motion on or before March 6, 2007. On March 7, 2007, one day after their time to file had expired, the BVI defendants sought an extension of time to file their papers.

On March 26, 2007, the court, among other things, denied this request for an extension of time and ordered the BVI defendants to file their evidence and arguments in opposition to summary judgment by the close of business on the following day. The BVI defendants appealed this decision to the British Virgin Islands Court of Appeal. While this appeal was pending, Boston Life was forced into Receivership and Liquidation in December of 2007. The accounting firm of KPMG was assigned to

administer the liquidation and determined that Boston Life's liabilities far exceeded its assets.

In January of 2008, the British Virgin Islands Court of Appeal reversed the lower court's order and permitted the BVI defendants to file their evidence and arguments in opposition to Boston Life's motion for summary judgment. At the time the papers on the instant motion were filed, the BVI Litigation was still ongoing.

**C.  The Miami Litigation**

Hoilman also represented the Plaintiffs in an action they commenced in the United States District Court for the Southern District of Florida (the "Miami Litigation") against Boston Life and several of its principals. On August 9, 2006, the court granted a stay in the Miami Litigation pending the resolution of the BVI Litigation. On October 23, 2007, the court lifted the stay to permit Boston Life to file a counterclaim for abuse of process. On January 9, 2008, the Plaintiffs voluntarily dismissed their claims against Boston Life. On September 22, 2008, the parties entered into an agreement to settle the Miami Litigation. Pursuant to the agreement, Daniel P. Buttafuoco ("Buttafuoco"), was to be deposed in order to determine an appropriate settlement amount.

Buttafuoco's deposition was scheduled for October 13, 2008 at his office in Woodbury, New York. The night before the deposition, Hoilman met with Buttafuoco at his office to prepare him for his testimony. The Plaintiffs allege that during this

meeting, Hoilman advised Buttafuoco not to provide certain information in his deposition. On the day of the deposition, to Hoilman's surprise, the Plaintiffs discharged him and his local counsel from representing them in the Miami Litigation. At the conclusion of the deposition, Hoilman was served with the summons and complaint that initiated the instant lawsuit.

D.   **The Present Action**

The complaint, filed in New York State Supreme Court, Nassau County, alleged that Hoilman committed legal malpractice by failing to timely file the opposition papers in the BVI Litigation. The essence of the Plaintiffs' legal malpractice claim is that although the British Virgin Islands Court of Appeal ultimately permitted them to file their opposition papers, the delay caused by the missed filing deadline prevented them from any meaningful recovery because Boston Life went into liquidation while the appeal was pending. In other words, the Plaintiffs contend that if Hoilman did not missing the filing deadline, they would have been able to obtain a judgment against Boston Life before it went into liquidation.

On November 11, 2008, the case was removed to this Court. Shortly thereafter Hoilman and his firm moved to dismiss the Plaintiffs' cause of action for malpractice contending, among other things, that they have failed to state a claim under Fed. R. Civ. P. 12(b)(6). The Court finds that the Plaintiffs have failed to state a

claim for legal malpractice, and therefore, it need not address the issue of whether personal jurisdiction is lacking in this case.

## II. DISCUSSION

**A.** **Standard - 12(b)(6) Motion to Dismiss**

In considering a 12(b)(6) motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Todd v. Exxon Corp., 275 F.3d 191, 198 (2d Cir. 2001) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)). In this regard, the Court must "accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." Starr v. Georgeson S'holder, Inc., 412 F.3d 103, 109 (2d Cir. 2005).

A complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." Bell Atl. Corp v. Twombly, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has interpreted Twombly to require that a complaint "allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion." Port Dock & Stone Corp v. Old Castle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007). On a 12(b)(6) motion to dismiss, the Court must limit its "consideration to facts stated in the complaint or documents

attached to the complaint as exhibits or incorporated by reference." Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005).

**B.     The Defendants' Motion to Dismiss**

A cause of action for legal malpractice presents a question of law which can be decided on a motion to dismiss. See Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006) (citing Rosner v. Paley, 65 N.Y.2d 736, 738, 492 N.Y.S.2d 13, 481 N.E.2d 553 (1985)).  To prevail on a claim for legal malpractice in New York, a plaintiff must show: (1) that the attorney was negligent; (2) that the negligence was a proximate cause of the plaintiff's loss; and (3) proof of actual damages that were caused by the attorney's negligence.  Brooks v. Lewin, 21 A.D.3d 731, 734, 800 N.Y.S.2d 695 (1st Dep't 2005).

An attorney is negligent if he "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal community."  McCoy v. Feinman, 99 N.Y.2d 295, 301, 785 N.E.2d 714 (2002).  Further, an attorney may be negligent for the purposes of a legal malpractice claim for "ignorance of the rules of practice, failure to comply with conditions precedent to suit, or for his neglect to prosecute or defend an action."  Bernstein v. Oppenheim & Co., 160 A.D.2d 428, 430, 554 N.Y.S.2d 487 (1st Dep't 1990).  To prove the proximate cause element, "a plaintiff must demonstrate that but for the attorney's negligence, she would have prevailed in the underlying matter or would not have sustained any ascertainable

damages." Brooks, 21 A.D.3d at 734.  A failure to establish proximate cause "mandates the dismissal of a legal malpractice action, regardless of the attorney's negligence."  Id.

At this stage, construing the complaint in the light most favorable to the Plaintiffs, the Court is willing to accept the fact that Hoilman may have been negligent in initially failing to timely file papers in the BVI Litigation.  However, the Plaintiffs' legal malpractice claim necessarily fails as a matter of law because they cannot establish proximate causation.  In particular, the Plaintiffs have failed to offer any allegations that would even suggest that, but for Hoilman's negligence, they would have prevailed in the BVI Litigation *before* Boston Life went into liquidation.

The Court is unwilling to take the considerable and purely speculative leap that the Plaintiffs would have prevailed in the BVI Litigation before Boston Life went into liquidation if only Hoilman had timely filed papers in opposition to Boston Life's motion for summary judgment.  See Schweizer v. Mulvehill, 93 F. Supp. 2d 376, 395 (S.D.N.Y. 2000) (citing Luniewski v. Zeitlin, 188 A.D.2d 642, 643, 591 N.Y.S.2d 524, 526 (2d Dep't 1992) ("Mere speculation of a loss resulting from an attorney's alleged omissions is insufficient to sustain a prima facie case in malpractice."); Russo v. Feder, Kaszovitz, Isaacson, Weber, Skala & Bass, LLP, 301 A.D.2d 63, 67, 750 N.Y.S.2d 277 (1st Dep't 2002) (noting that "speculative damages or conclusory claims of damages," may not serve as "a basis for legal malpractice.").  Accordingly,

having failed to establish proximate causation, the Plaintiffs' legal malpractice claim is dismissed.

### III.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the Defendants' motion to dismiss the Plaintiffs' complaint is **GRANTED**, and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
       February 28, 2009

                                         */s/ Arthur D. Spatt*
                                         ARTHUR D. SPATT
                                         United States District Judge